United States Bankruptcy Court
Southern District of Texas
**ENTERED**
September 27, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 24-31750 (jpn) |
| **Red Door Management, Inc.,** | § | |
| | § | Chapter 11 |
| Debtor. | § | Subchapter V |

### ORDER CONFIRMING DEBTOR'S
### NON-CONSENSUAL PLAN OF REORGANIZATION

*(ECF No. 66)*

Came on for consideration the Debtor's Subchapter V Plan of Reorganization filed July 18, 2024, pursuant to 11 U.S.C. § 1191(b). After hearing evidence, the Court finds as follows:

1. The Subchapter V Plan of Reorganization ("**Plan**"), and a ballot for accepting or rejecting the Plan, have been transmitted to all creditors and parties in interest.

2. Notice of the hearing on confirmation of the Plan has been given in accordance with Title 11, United States Code, the Order of the Court and the Federal and Local Rules of Bankruptcy Procedure.

3. The Plan complies with all applicable provisions of the Bankruptcy Code and applicable Bankruptcy Rules relating to confirmation. It is;

ORDERED and ADJUDGED that:

4. The Subchapter V Plan of Reorganization, which is attached here as Exhibit A is hereby CONFIRMED under 11 U.S.C. §1191(b).

5. In accordance with § 1142 of the United States Bankruptcy Code, the Reorganized Debtor is authorized and directed, without the necessity of any further approval, to immediately take any action necessary or appropriate to implement, effectuate, and consummate the Plan and any transactions contemplated thereby or by this Order in accordance with their respective terms.

6. The Subchapter V Trustee, or his successor, shall act as the Disbursing Agent. The Disbursing Agent shall pay the Allowed Claims pursuant to the terms of this Plan as detailed in this Article.

   a. On or before the 15th Business Day of each month, via check, wire transfer, or any other means agreed to by the Disbursing Agent and the Reorganized Debtor, the Reorganized Debtor shall remit to the Disbursing Agent the funds for plan payment.

   b. If the Disbursing Agent has not received good funds from the Reorganized Debtor by the 25th Business Day of the month for the following month's plan payments, the Disbursing Agent will send written notice to Reorganized Debtor's counsel, via email, of the failure to pay. If good funds are not remitted to the Disbursing Agent for plan payments by the 28th Business Day of the month for the following month's plan payments, the Disbursing Agent shall file a Notice of Default with the Court. The Reorganized Debtor will be entitled to no more than two (2) notices of default during the term of the Plan from the Disbursing Agent. Upon the third default, the Disbursing Agent is entitled to file a Motion to Dismiss or Convert.

c. The Debtor shall send to the Disbursing Agent monthly profit and loss reports prepared on a cash basis along with bank statements and copies of underlying checks and invoices no later than the 20th Business Day of each month for the prior month.

d. The Disbursing Agent will make his Distributions, pursuant to the terms of this Plan, to the Allowed Claims on or before the 15th Business Day of each month. Distributions will be made in accordance with the payment calculations provided by the Reorganized Debtor. The Trustee is not responsible for calculating or correcting the payment amounts due under the Plan.

e. The Disbursing Agent shall file fee applications requesting court approval of his fees and expenses on at least a semi-annual basis. The Reorganized Debtor shall pay the Disbursing Agent's fees and expenses within 10 days of the entry of an order approving the fees and expenses, unless the Court decrees otherwise.

f. Pursuant to the Plan Projections attached hereto as Exhibit A, the Subchapter V Trustee, as the Disbursing Agent, will not distribute more than $50,000.00 in Disposable Income at one specific time. Therefore, the Subchapter V Trustee will not be required to obtain a separate or additional bond.

g. Funds from any disbursement check written by the Disbursing Agent, where the check remains unnegotiated for more than 60 days, may be redistributed pro rata to other creditors, as provided for under the Plan, or may be placed with this Court's unclaimed funds register pursuant to 28 U.S.C. 2042, at the discretion of the Disbursing Agent. In the event the Disbursing Agent has insufficient funds to make

any distribution under the Plan approved by this Order, Plan Payments may be adjusted during the life of the Plan without further order of the Court to account for any Plan Payment adjustments. Any disbursements made by the Disbursing Agent following entry of this Order on account of a claim which is a satisfaction of claim are deemed authorized disbursements, and the Disbursing Agent shall have no liability for these disbursements. The Reorganized Debtor will pursue the recovery of any disbursements made on account of a claim which is subsequently withdrawn and/or satisfied.

      h.    The Disbursing Agent shall provide all required reports to the United States Trustee for review, during the period in which the Disbursing Agent continues to make plan payments. Upon completion of all plan payments, the Disbursing Agent should submit the final report and final account of the administration of the estate to the United States Trustee for review pursuant to § 1183(b)(1). After review, the final report and account will be filed with the Court.

      i.    The Disbursing Agent shall not have any obligations to pursue and/or manage the Reorganized Debtor's pursuit of any Causes of Action. Rather, the pursuit and management of Causes of Action shall be coordinated by the Reorganized Debtor.

7.    Default provisions: In the event that payments are not made by the Disbursing Agent as required by the Plan and Confirmation Order, the holders of allowed claims in this case and other parties-in-interest shall have the right to either: (A) file a motion to dismiss or convert this case to a case under Chapter 7 of the Bankruptcy Code; or (B) file a motion seeking relief from the automatic stay, in the event the Reorganized Debtor defaults on a

payment to a secured creditor. The payment and default provisions of this Confirmation Order shall supersede any prior orders entered herein with respect to adequate protection and relief from stay motions. The Bankruptcy Court shall retain jurisdiction to determine all matters related to Enforcement of the Plan and Confirmation Order.

8. The Disbursing Agent shall be compensated for their post-confirmation duties at their normal hourly rate and shall be paid from the quarterly Disposable Income. The amount of Disposable Income distributed or reserved to creditors will be net of the Disposable Income remitted by the Debtor to the Disbursing Agent. The Disbursing Agent's fees and expenses shall be disclosed in the quarterly report filed with the Court. All parties in interest will have 21 days after the quarterly report is filed to object to the Disbursing Agent's fees and expenses disclosed therein. If no objection is received, the Disbursing Agent may disburse his fees and expenses from the Disposable Income without further order of the Court.

9. The Disbursing Agent shall file a post-confirmation final fee application within 14 days of the filing of the motion for final decree under Fed. R. Bankr. P. 3022, which shall include all compensation received and disclosed in the quarterly reports filed with the Court. All post-confirmation fees paid to the Disbursing Agent are subject to refund until approved by a final, non-appealable order.

10. After (i) the estate is fully administered, (ii) the Disbursing Agent has filed a final report and obtained an award of compensation, and (iii) the discharge has been entered, the Reorganized Debtor or the Disbursing Agent shall file with the Bankruptcy Court a motion for final decree to close the Case.

11. During the term of the Plan, Reorganized Debtor shall timely file all tax

returns and make all tax payments and deposits, if any, when due. If the Reorganized Debtor is not required to file tax returns for any period during the Plan term, the Reorganized Debtor shall provide the Disbursing Agent with a statement to that effect. For each tax return that becomes due after entry of this Order, Reorganized Debtor shall, within fourteen (14) days of filing the return, provide the Disbursing Agent with a complete copy of the tax return, including all schedules and attachments.

12. No later than 14 days after the Plan is substantially consummated, the Reorganized Debtor shall file with the Court and serve upon the Trustee, U.S. Trustee, and all parties in interest, notice of substantial consummation of the Plan as provided under 11 U.S.C. §1183(c)(2).

13. Upon the Effective Date, all assets of the Estate shall vest in the Reorganized Debtor, except as otherwise provided in the Plan. If the Reorganized Debtor defaults in performing under the provisions of the Plan and the Case is converted to chapter 7, all property vested in the Reorganized Debtor, and all subsequently acquired property owned as of or after the conversion date shall revest and constitute property of the bankruptcy estate in the chapter 7 case.

14. The Reorganized Debtor retains standing to object to claims as provided for in the Plan.

15. The Court retains jurisdiction for any and all matters that may come before the Court in the administration of the Plan and pursuant to the Order of Confirmation, specifically including, but not limited to, the jurisdiction to determine all objections that have heretofore been or may be filed to claims of creditors; to fix and award all compensation to parties who may be so entitled; to hear and determine all questions

concerning the assets or property of the debtors, including any questions relating to any sums of money, services, or property due to the debtor; and determine all matters of any nature or type necessary or appropriate to carry out the Plan.

Signed: September 27, 2024

Jeffrey P. Norman
United States Bankruptcy Judge

Submitted by:

/s/ Jarrod B. Martin
Jarrod B. Martin
Texas Bar No. 24070221
**CHAMBERLAIN, HRDLICKA, WHITE,
   WILLIAMS & AUGHTRY, P.C.**
1200 Smith Street, Suite 1400
Houston, Texas 77002
D: 713.356.1280
F: 713.658.2553
E: jarrod.martin@chamberlainlaw.com